HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE COLLINS, an individual,

     Plaintiff,

  v.

MILLIMAN, INC.,

     Defendant.

Case No.  2:22-cv-00061-RAJ

**ORDER ON THE PARTIES'
MOTIONS FOR SUMMARY
JUDGMENT AND MOTIONS TO
SEAL**

## I.   INTRODUCTION

This matter is before the Court on parties' motion for summary judgment and motions to seal. Dkt. ## 28, 29, 33, 34. For the reasons below, the Court **GRANTS** the motions to seal and **DENIES** the motions for summary judgement.

## II.   BACKGROUND

In October 2021, Plaintiff Steve Collins applied for life insurance with two insurance companies, Americo and Mutual of Omaha. Dkt. # 31-5; Dkt. # 31-6. As part of the application process, both insurers requested a consumer report from Defendant Milliman Inc. on Collins's medical and prescription history. *See* Dkt. # 32. Collins claims that the insurers denied the applications because the medical history incorrectly indicated that Collins had heart disease and dementia/amnesia. Dkt. # 31-3 at 13, 39; Dkt. # 31-20 at 3. After Collins's applications were declined, he requested and received a copy of his Milliman consumer reports. Dkt. # 32-1.

Around October 20, 2021, Collins called Milliman to dispute the inaccurate

ORDER – 1

1   medical records and open an investigation. Dkt. # 31-2 at 29. Collins claims that

2   Milliman instructed him to contact doctors to confirm that he was never a patient. *Id.*

3   Collins claims that the doctors refused to verify this information and advised he seek

4   representation. *Id.* at 15.

5       On January 24, 2022, Collins filed his lawsuit against Milliman alleging that

6   Milliman violated the Fair Credit Reporting Act ("FCRA") by (1) failing to maintain

7   reasonable procedures to ensure the maximum possible accuracy of its consumer reports

8   by allegedly including inaccurate items on his consumer report and (2) by failing to

9   reinvestigate his consumer dispute. Dkt. # 1. In December 2022, the parties filed motions

10   for summary judgment and motions to seal certain exhibits. Dkt. ## 28, 29, 33 34.

## III.  LEGAL STANDARD

12       Summary judgment is appropriate if there is no genuine dispute as to any material

13   fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

14   The moving party bears the initial burden of demonstrating the absence of a genuine issue

15   of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving

16   party will have the burden of proof at trial, it must affirmatively demonstrate that no

17   reasonable trier of fact could find other than for the moving party.  *Soremekun v. Thrifty*

18   *Payless, Inc*., 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where the nonmoving party

19   will bear the burden of proof at trial, the moving party can prevail merely by pointing out

20   to the district court that there is an absence of evidence to support the non-moving party's

21   case. *Celotex Corp*., 477 U.S. at 325.  If the moving party meets the initial burden, the

22   opposing party must set forth specific facts showing that there is a genuine issue of fact for

23   trial in order to defeat the motion.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250

24   (1986).  The court must view the evidence in the light most favorable to the nonmoving

25   party and draw all reasonable inferences in that party's favor.  *Reeves v. Sanderson*

26   *Plumbing Prods*., 530 U.S. 133, 150-51 (2000).

27       However, the court need not, and will not, "scour the record in search of a genuine

28   ORDER – 2

issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

## IV.   DISCUSSION

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., mandates that a consumer reporting agency ("CRA") use "reasonable procedures" to ensure the accuracy of the information it reports to third parties. *Syed v. M-I, LLC*, 853 F.3d 492, 496 (9th Cir. 2017). If a CRA fails to do so, or to satisfy the FCRA's other requirements, the statute provides aggrieved consumers with a private right of action. *Id.* at 497.

Collins filed this lawsuit alleging that Defendant is a CRA who violated the FCRA, in particular, 15 U.S.C. §§ 1681e(b) and 1681i(a). Dkt. # 1 at 10–11. His theory of liability is that Defendant, which sells reports containing consumers' medical histories to insurers, fails to utilize reasonable procedures to ensure the accuracy of those reports. *Id.* at 3–10. In Collins's case, he alleges that Milliman erroneously reported his medical history to two prospective insurers and failed to timely reinvestigate its errors. Collins alleges the errors resulted in Plaintiff's application for insurance being denied. *Id.*

### A.   Standing

Milliman argues that Collins's allegations and his evidence of harm are insufficient to establish standing under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). Dkt. # 34. at 13–15. In that case, the Supreme Court held that a plaintiff must

ORDER – 3

1    show more than a mere procedural violation to establish standing for FCRA claims. *See*

2    *TransUnion LLC*, 141 S. Ct. at 2208–14. Actual harm, whether that be tangible or

3    intangible, is required. *Id*. at 2204 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340–41

4    (2016)).

5          Any unfavorable outcome from a consumer reporting error, whether it be

6    economic or non-economic, is sufficient to demonstrate harm for purposes of an FCRA

7    inaccuracy claim. *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008); *Guimond*

8    *v. Trans Union Credit Info. Co*., 45 F.3d 1329, 1332–33 (9th Cir. 1995)). Here, there is

9    evidence in the record supporting Collins's claim that Milliman erroneously reported his

10   medical history to third-party insurers. *See* Dkt. # 31-3 at 13, 39; Dkt. # 31-20 at 3. There

11   is also evidence supporting the allegation that Collins was denied life insurance coverage

12   on account of those Milliman reports. *See* Dkt. # 32-5 at 2; Dkt. # 31-6 at 2. Therefore, he

13   has demonstrated standing for his Section 1681e(b) inaccuracy claim.

14         Courts have also routinely found that wasted time resulting from a defendant's

15   FCRA violation is a sufficiently concrete and particularized injury to establish standing.

16   *See, e.g., Healy v. Milliman, Inc*., 2022 WL 1061921 (W.D. Wash. Apr. 8, 2022); *Adan v.*

17   *Insight Investigation, Inc*., 2018 WL 467897 (S.D. Cal. Jan. 18, 2018). This Court

18   reaches the same finding here. Collins testified that the alleged inaccuracies and

19   reinvestigation process led to wasted time and embarrassment: "I take the time out of my

20   busy schedule and workday. I call that doctor's office. I get humiliated by that doctor's

21   office. Humiliated. Then I turn around and have to call back again to get humiliated again

22   by that doctor's office. Milliman continued to tell me that I needed to have a doctor's

23   letter when I called them back and advised them of the humiliation." Dkt. # 31-2 at 130.

24   Based on this evidence, Collins has demonstrated standing for his Section 1681e(b)

25   inaccuracy claim and Section 1681i failure to timely reinvestigate.

26     //

27     //

28   ORDER – 4

1

**C.     Merits**

In addition to the standing challenges, both parties claim they should prevail on the merits of Collins's Section 1681e(b) inaccuracy and 1681i reinvestigation claims. Collins argues that there is no dispute that Milliman inaccurately reported medical information about him and that its reinvestigation procedures are unreasonable as a matter of law. Dkt. # 29 at 13-18. And as it did in *Healy v. Milliman, Inc.*, Milliman argues that its relatively low error rate and formal reinvestigation procedures demonstrate that it utilizes "reasonable" procedures and efforts, which is all that the FCRA requires. Dkt. # 34 at 9-13; *see also Healy v. Milliman, Inc.*, 2022 WL 1061921, at *4 (W.D. Wash. Apr. 8, 2022) (citing 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A)). As this Court concluded in *Healy*, a reasonableness determination for these purposes is generally, by definition, a genuine issue of material fact. *Healy*, 2022 WL 1061921, at *4 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018) ("[T]he reasonableness of a [CRA's] procedures is 'normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question.' " (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010))). And the Court again sees no reason to depart from that rule in this instance. Therefore, summary judgment on Collins's Section 1681e(b) inaccuracy and 1681i reinvestigation claims is not warranted for either party.

**D.     Motions to Seal**

The parties move to maintain under seal unredacted versions of some of their briefing on the summary judgment motion, along with excerpts of, and exhibits to, expert reports and declarations supporting their briefing. Dkt. # 28, 33. They assert those documents contain Defendant's confidential business information, which Defendant produced pursuant to the stipulated protective order previously entered in this case, along with Plaintiff's personal and medical history. *Id.* "[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3). To overcome that presumption, a party must show "compelling reasons" to seal a document attached to a

ORDER – 5

dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The Court has reviewed the documents at issue and concludes that a compelling reason exists to seal the underlying materials in this instance, and this reason overcomes the presumption of public access.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** the motions to seal and **DENIES** the motions for summary judgement. Dkt. ## 28, 29, 33, 34.

DATED this 16th day of February, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6