HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE COLLINS, an individual,

      Plaintiff,

    v.

MILLIMAN, INC.,

      Defendant.

Case No.  2:22-cv-0061-RAJ

**ORDER ON THE PARTIES'
MOTIONS IN LIMINE**

## I.   INTRODUCTION

This matter comes before the Court on the parties' motions *in limine*.  Dkt. ## 56, 58. As discussed below, the Court **GRANTS** in part and **DENIES** in part the parties' motions.  The Court also **TAKES UNDER ADVISEMENT** certain motions until trial so that the parties provide further information on the admissibility of specific evidence.

## II.   LEGAL STANDARD

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).  To decide on motions *in limine*, the Court is generally guided by Federal Rules of Civil Procedure 401 and 403.  Specifically, the Court considers whether the evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Civ. P. 401.  However, the Court may exclude relevant evidence if "its probative

ORDER – 1

value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

## III.  DISCUSSION

In October 2021, Plaintiff Steve Collins applied for life insurance with two insurance companies, Americo and Mutual of Omaha. Dkt. # 31-5; Dkt. # 31-6. As part of the application process, both insurers requested a consumer report from Defendant Milliman, Inc. ("Milliman") on Collins's medical and prescription history. *See* Dkt. # 32. Collins claims that the insurers denied the applications because the medical history incorrectly indicated that Mr. Collins had heart disease and dementia/amnesia. Dkt. # 31-3 at 13, 39; Dkt. # 31-20 at 3. After Collins's applications were declined, he requested and received a copy of his Milliman consumer reports. Dkt. # 32-1. Around October 20, 2021, Collins called Milliman to dispute the inaccurate medical records and open an investigation. Dkt. # 31-2 at 29. Collins claims that Milliman instructed him to contact doctors to confirm that he was never a patient. *Id*. Collins claims that the doctors refused to verify this information and advised he seek representation. *Id*. at 15.

On January 24, 2022, Mr. Collins filed his lawsuit against Milliman alleging that Milliman violated the Fair Credit Reporting Act ("FCRA") by (1) failing to maintain reasonable procedures to ensure the maximum possible accuracy of its consumer reports by allegedly including inaccurate items on his consumer report and (2) by failing to reinvestigate his consumer dispute. Dkt. # 1. In December 2022, the parties filed motions for summary judgment and motions to seal certain exhibits. Dkt. ## 28, 29, 33 34. In February 2023, the Court granted the motions to seal and denied the motions for summary judgment. Dkt. # 61. Soon thereafter, the parties filed motions *in limine*. Dkt. ## 56, 58.

### A.    MUTUALLY AGREED UPON MOTIONS IN LIMINE

The parties agree to, and the Court accepts, certain motions *in limine* Nos. A-H.

ORDER – 2

These motions cover several issues regarding expert reports, witnesses in the court room, certain evidence and exhibits to be prohibited, and defense counsel resources. Dkt. # 56 at 1-2.

**B.      PLAINTIFF'S MOTIONS IN LIMINE**

The disputed issues raised by Plaintiff are resolved as discussed below:

**1.   MIL # 1: Discussion of non-party Optum's procedures**

Plaintiff seeks to exclude evidence regarding the policies and procedures of Optum, one of the third-party providers of medical and prescription information to Milliman. Dkt. # 56 at 4. Plaintiff argues that this information is relevant because Milliman has the ultimate responsibility for assuming accuracy of the information and conducting a reasonable investigation. *Id.*

Plaintiff's motion is **DENIED**. Evidence regarding what Milliman knew of Optum's data handling and accuracy is relevant to whether Millman's own policies and procedures were reasonable. Plaintiff also insists that evidence regarding Optum should be excluded because evidence of those procedures were not produced in discovery. However, Milliman lists Optum as a potential source of discoverable information on its supplement initial disclosures. Dkt. # 58-2. To the extent that Plaintiff seeks to prevent certain undisclosed documents from being offered at trial, the Court will not rule in a vacuum. Plaintiff is free to object to the admission of any such documents at trial.

**2.   MIL # 2: Excluding evidence of Plaintiff's medical ailments**

Plaintiff seeks to preclude evidence and testimony about whether he may have dementia, amnesia, or other heart ailments. Dkt. # 58 at 8. According to Plaintiff, there is no admissible evidence to support those conclusions. *Id*. In response, Milliman argues Plaintiff's medical history is both relevant and essential to the dispute. The Court agrees that Plaintiff's medical history and whether it was accurately reported by Milliman is squarely relevant to the claims in this case. To the extent that Plaintiff seeks to prevent certain documents from being offered at trial, the Court will not rule in a vacuum.

ORDER – 3

Plaintiff is free to object to the admission of any such documents at trial. The Court **DENIES** the motion.

### 3.  MIL # 3: Excluding evidence regarding Plaintiff's residence

Plaintiff seeks to prevent Milliman from offering evidence that Collins may have lived in Nevada, or visited a health provider there. Dkt. # 58 at 10. Again, Plaintiff's medical history is both relevant and essential to the dispute. This includes where and when Plaintiff may have visited doctors to the extent that Plaintiff is challenging the inaccurate reporting of his health history. For these reasons, the Court **DENIES** the motion.

### 4.  MIL # 4: Excluding evidence that the FCRA requires a "written dispute"

Plaintiff seeks to preclude evidence and testimony that the FCRA requires written notice to reinvestigate a consumer complaint. Dkt. # 58 at 10.

It is well settled that the court instructs the jury on the law. *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993). Nonetheless, nothing prevents Milliman from providing evidence of how, in its experience, their representatives typically handle consumer complaints. That said, Milliman cannot provide testimony on whether "written" notice is needed to comply with the FCRA. To the extent that this motion seeks to prevent Milliman from stating a legal conclusion regarding the FCRA, the motion is **GRANTED**.

### 5.  MIL # 5: Excluding communications between counsel since the filing of the complaint

Plaintiff primarily seeks to preclude a March 2022 "written" communication between the parties regarding additional disputed medical records. Plaintiff argues that his legal claims in this dispute are limited to the Defendant's procedures and failure to reinvestigate based upon notice received in October 2021. Dkt. # 58 at 12. While nothing precludes Milliman from presenting evidence that it requires written confirmation as part of its reinvestigation process, the Court agrees that the March 2022 communication is irrelevant to Milliman's reinvestigation process as it relates to notice received in March

ORDER – 4

2021. The agency must complete the investigation within 30 days. 15 U.S.C. § 1681i(a)(2). Attempting to use post-litigation conduct to show the reasonableness of its procedures has a high risk of prejudice and will not be permitted. Therefore, the motion is **GRANTED**.

### C.    DEFENDANT'S MOTIONS *IN LIMINE*

The disputed issues raised by Defendant are resolved as discussed below:

### 1.  MIL # 1: Excluding Plaintiff's Wife's Medical Condition

Milliman seeks an order excluding Plaintiff from testifying about his wife's medical condition. Plaintiff argues that the health of his wife is relevant to his emotional distress damages to the extent that his wife's emotional distress caused him to suffer emotional distress. Dkt. # 64 at 4.

The Court **DEFERS** on ruling on this motion *in limine* until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. However, Plaintiff should mindful that he is not qualified as an expert to provide medical testimony and the Court will not permit such testimony from him.

### 2.  MIL # 2: Statements Made by VAMC Representative

Milliman seeks to prevent Plaintiff from testifying that he was told his medical records were in "error" and should not have reflected that he had a history of heart disease. Dkt. # 56 at 5. Milliman argues that such statements would be inadmissible hearsay. *Id.* Plaintiff agrees with this motion. Accordingly, the Court **GRANTS** the motion.

### 3.  MIL # 3: Excluding treatment records from Dr. Allen.

Milliman seeks to exclude the November 7, 2022 treatment records from Dr. Allen that allegedly illustrate that Plaintiff does not have heart disease. Dkt. # 56 at 5. Milliman contends that the records do not fall under the exceptions for a business record or a statement for purposes of medical diagnosis. *Id.* Milliman also argues that the records are irrelevant because Mr. Collins's current health status is not at issue. *Id.* at 6.

ORDER – 5

The Court **DEFERS** ruling on this issue. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. It is certainly possible that Collins's current health history could make prior statements of his health history more or less probable. Without more information, the Court is not prepared to say that the records or the purported testimony of Dr. Allen is inadmissible. Accordingly, the Court **DEFERS** on ruling on this motion *in limine* until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context.

### 4.  MIL # 4: Excluding What Physician "Did Not" Tell Plaintiff

Milliman seeks to prevent Plaintiff from testifying that his treatment providers have "not told" him that he has heart disease. Dkt. # 56 at 6. The Court **DEFERS** on ruling on this motion *in limine* until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. It is not apparent that such testimony would necessary be hearsay or could not fall within any exception. Such statements if offered for the effect on the listener, for example, could potentially be admissible.

### 5.  MIL # 5: Excluding testimony of Michelle Collins

Milliman seeks to preclude testimony from Michelle Collins, Plaintiff's wife. Dkt. # 56 at 7. Despite being listed in Plaintiff's initial disclosures, the parties have been unable to conduct a deposition of Mrs. Collins. Milliman states that this motion is made to potentially exclude testimony in the event a deposition has not taken place prior to trial. *Id.* Accordingly, the Court **DEFERS** on ruling on this motion *in limine*.

### 6.  MIL # 6: Excluding inquiry on lay witness preparation

Milliman seeks to preclude testimony on the preparation of lay witnesses in advance of trial as protected by attorney-client privilege or the work product doctrine. Dkt. # 56 at 7. The Court will not rule in a vacuum and **DEFERS** on ruling on this motion until trial so that questions of foundation, relevancy, and potential prejudice may

ORDER – 6

be resolved in the proper context. However, the Court will note that questioning the witness on their general preparation is standard practice.

### 7.  MIL # 7: Excluding evidence of financial status of the parties

Milliman moves to exclude any reference to the parties' financial conditions. Dkt. # 56 at 8. The Court **GRANTS** Milliman's motion to the extent the parties' financial conditions do not make any fact related to Collins's claims more or less probable.  *See* Fed. R. Evid. 401.

### 8.  MIL # 8: Excluding references to the taxability of any judgment

Milliman moves to exclude any reference to the taxability of any judgment.  Dkt. # 56 at 8. The Court **GRANTS** Milliman's motion to the extent the taxability of the judgment does not make any fact related to Milliman's claims more or less probable.  See Fed. R. Evid. 401**.**

### 9.  MIL # 9: Excluding theories of recovery or damages not in the pleadings

Milliman moves to prohibit Plaintiff from introducing new theories of recovery or damages, or from presenting theories unsupported by appropriate evidence, at trial. Dkt. # 56 at 9. Plaintiff claims that he has no intention of doing so at trial. The Court will not rule in a vacuum and **DEFERS** on ruling on this motion until trial so that any potential issues can be resolved in the proper context.

### 10.   MIL # 10: Excluding Any Legal or Medical Opinions by Evan Hendricks

Milliman seeks to prevent Plaintiff's expert Evan Hendricks from offering testimony on ultimate issues of law.  Dkt. # 56 at 10.

It is well established that experts may not give opinions as to legal conclusions. *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law."); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (internal citations omitted) (explaining that

ORDER – 7

expert testimony consisting of legal conclusions on the meaning of a contract's terms is inadmissible).  The Court agrees that some of Hendricks's conclusions contain improper legal conclusions.  For example, Hendricks concludes that some of Milliman's procedures are "wholly unreasonable." Dkt. # 56 at 10. This goes too far. Hendricks may opine on industry practices and customs with respect to reinvestigation and the ways in which Milliman's procedures either conform or deviate from those practices.

### 11.    MIL # 11: Excluding Evidence of Other Complaints, Lawsuits, Verdicts

Milliman seeks to preclude the mentioning of any reports, complaints, other verdicts and settlements regarding Milliman. Dkt. # 56 at 11. The Court **GRANTS** Milliman's motion as other reports, complaints, other verdicts and settlements are not relevant to Plaintiff's claims. Additionally, such evidence is unduly prejudicial and will be excluded. *See* Fed. R. Evid. 403.

### 12.    MIL # 12: Bifurcating the issue of punitive damages

Milliman seeks the bifurcation of the punitive damages issue. Rule 42(b) of the Federal Rules of Civil Procedure "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings." *Hangarter v. Provident Life & Accident Insurance Co*., 373 F.3d 998, 1021 (9th Cir. 2004) (citation and quotation marks omitted). However, the "normal procedure" is to try punitive liability and amount issues together, with appropriate instructions making clear the difference, since the evidence on these issues "usually overlaps substantially." *Id*. (citation and quotation marks omitted). The main limitation on a district court's ability to bifurcate liability and damages is constitutional: the court must preserve any federal right to a jury trial. Fed. R. Civ. P. 42(b). In considering a motion to bifurcate trial, courts have weighed the factors of convenience, prejudice, judicial economy, risk of confusion, and whether the issues are clearly separable. *See* William W. Schwarzer et al., Federal Civil Procedure Before Trial § 16:1 60.4 (2011). Finally, a decision to bifurcate is reviewed on

ORDER – 8

appeal for abuse of discretion. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

The Court finds that bifurcating all issues that relate to punitive damages will not serve the convenience of the witnesses and will not promote judicial economy given the likelihood of overlap in the witnesses and testimony relevant to liability, compensatory damages, and punitive damages. However, the Court will allow all issues to be presented to the jury except for evidence of Milliman's financial condition. If the jury enters a verdict finding that Milliman's conduct warrants punitive damages, the Court will allow limited evidence and argument on the appropriate amount of punitive damages before the jury deliberates on that issue.

## IV.   CONCLUSION

As discussed below, the Court **GRANTS** in part and **DENIES** in part the parties' motions. Dkt. ## 56, 58. The Court also **TAKES UNDER ADVISEMENT** certain motions until trial so that the parties provide further information on the admissibility of specific evidence.

DATED this 8th day of June, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9