HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE COLLINS, an individual,

       Plaintiff,

   v.

MILLIMAN, INC.,

       Defendant.

Case No.  2:22-cv-00061-RAJ

**ORDER ON MOTION FOR RECONSIDERATION**

## I.   INTRODUCTION

This matter is before the Court on Milliman's motion for reconsideration. Dkt. # 70. For the reasons below, the Court **DENIES** the motion.

## II.   BACKGROUND

Milliman seeks reconsideration of the Court's ruling limiting the use of post-litigation conduct to show the reasonableness of its reinvestigation procedures under the Fair Credit Reporting Act ("FCRA"). Dkt. # 70. Specifically at issue is a March 2022 "written" communication between the parties regarding additional disputed medical

ORDER – 1

records. Plaintiff previously argue that such testimony would be irrelevant to his § 1681i claim and otherwise confusing and misleading. Dkt. # 58 at 12. After Milliman moved for reconsideration of the Court's ruling excluding post-litigation conduct between counsel, Plaintiff voluntarily dismissed the § 1681i claim. Dkt. # 72.

### III.  LEGAL STANDARD

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1).

### IV.  DISCUSSION

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., mandates that a consumer reporting agency ("CRA") use "reasonable procedures" to ensure the accuracy of the information it reports to third parties. *Syed v. M-I, LLC*, 853 F.3d 492, 496 (9th Cir. 2017). Under §1681e(b), "[w]henever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

Given that the reinvestigation claim has been dismissed, the Court finds that reconsideration of this particular motion in *limine* to be unnecessary. The evidence at issue in that motion *in limine* specifically went to the reinvestigation of Plaintiff's medical records following notice of a potential inaccuracy. A consumer reporting agency's FCRA duty to maintain reasonable accuracy-assuring procedures is codified separately and distinctly from the duty to conduct reasonable reinvestigation following a consumer dispute of credit report information. *See* 15 U.S.C. §§ 1681e(b), 1681i. Accordingly, the Court finds that the dispute motion *in limine* to be irrelevant to the §1681e(b) claim.

ORDER – 2

1

## V.   CONCLUSION

2        For the reasons stated above, the Court **DENIES** the motion for reconsideration.

3   Dkt. # 70.

4

5        DATED this 6th day of July, 2023.

6

7        _____

8        The Honorable Richard A. Jones
         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER – 3