HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE COLLINS, an individual,

    Plaintiff,

    v.

MILLIMAN, INC.,

    Defendant.

Case No. 2:22-cv-00061-RAJ

**ORDER**

## I.   INTRODUCTION

This matter is before the Court *sua sponte* regarding issues raised in the parties' trial briefs. Dkt. ## 77, 80. The Court rules as follows on the scope of damages and evidence regarding Milliman's reinvestigation.

## II.   DISCUSSION

### A.   Damages

Milliman claims that Plaintiff intends to pursue liability under §1681o (negligent violation of FCRA) and §1681n (willful violation of the FCRA) for the same conduct (*i.e.*, Milliman's alleged failure to follow reasonable procedures). Milliman contends that (1) Plaintiff may seek statutory damages or actual damages, not both, and that (2) Plaintiff must be limited to statutory damages for failure to demonstrate actual damages.

ORDER – 1

Under the FCRA, a plaintiff is entitled to recover damages based on whether the violation is negligent or willful. A negligent violation of the FCRA entitles a plaintiff to recover actual damages, as well as the costs of the action and reasonable attorneys' fees. *See* 15 U.S.C. § 1681o. For a willful violation, however, a consumer may recover either actual damages or statutory damages ranging from $100 to $1,000, punitive damages, and attorney's fees and costs. 15 U.S.C. § 1681n.

The Court agrees with Milliman that Plaintiff cannot recover twice for the same conduct – he can recover either for a negligent violation or a willful violation of section 1681e(b). *See Moran v. Screening Pros, LLC*, 25 F.4th 722, 725 (9th Cir. 2022) ("Under the FCRA, a CRA, such as Defendant, is liable to a consumer, like Plaintiff, for **either** the negligent or willful failure to comply with any requirement under the FCRA with respect to that consumer.") (emphasis added).

However, the Court disagrees that Plaintiff is simply limited to statutory damages. First, a willful violation allows for either actual damages or statutory damages. 15 U.S.C. § 1681n. Second, any unfavorable outcome from a consumer reporting error, whether it be economic or non-economic, is sufficient to demonstrate harm for purposes of an FCRA inaccuracy claim. *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008). Accordingly, Plaintiff may present evidence of emotional distress upon learning that Milliman allegedly reported incorrect information to prospective insurers, the subsequent denial of insurance that he claims happened as a result, as well as his efforts to correct the alleged errors in the report. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (suggesting that the plaintiff's alleged "emotional distress, manifested by sleeplessness, nervousness, frustration, and mental anguish resulting from the incorrect information in her credit report" sufficed to establish actual damages).

### B. Evidence regarding reinvestigation

Both parties seek to limit evidence regarding the reinvestigation into the alleged errors in Plaintiff's consumer report.

ORDER – 2

While evidence of the reinvestigation is not relevant to the "reasonableness" of Milliman's procedures under section 1681e(b), the Court finds some relevance to Plaintiff's claim of "actual" damages. Specifically, the amount of time Plaintiff spent trying to get the purported inaccuracies fixed, and the alleged mental anguish and frustration he dealt with in doing so, is relevant to his claim of emotional distress. This is squarely within *Guimond*'s purview. In response, the Court will permit Milliman to offer testimony that Plaintiff declined to work with Milliman by timely confirming the alleged inaccuracies in writing, or otherwise failed to mitigate his damages (*e.g.*, by seeking other insurance). The Court will not permit evidence regarding the scope of Milliman's reinvestigation procedures. And consistent with the Court's other rulings, the parties will not be permitted to offer evidence of communications between the parties' attorneys. Furthermore, the Court will not permit any testimony or argument on the requirements of section 1681i.

The parties are to meet and confer as to whether a limiting instruction or jury instruction is necessary to prevent prejudice. For instance: "Any evidence occurring after October 20, 2021, the date Plaintiff contacted Milliman regarding the report, is to be considered for Plaintiff's actual damages only and may not be considered to determine whether Milliman failed to follow reasonable procedures under the FCRA."

DATED this 21st day of July, 2023.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3